IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DeMARCO POOLE,<br># S-00804, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 14-cv-01094-NJR<br>) |
| WARDEN STEPHEN DUNCAN,<br>DR. J. COE, UNKNOWN NURSE,<br>and SCANNING PINCKNEYVILLE,[1] | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff DeMarco Poole, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Plaintiff received inadequate medical care for a painful lump next to his left ear during his incarceration at Lawrence Correctional Center ("Lawrence") (Doc. 1, pp. 6, 8-9). Plaintiff now sues three Lawrence officials, including Warden Duncan, Dr. Coe, and an unknown nurse ("Nurse Doe"), for the denial of proper medical treatment in violation of the Eighth Amendment. Plaintiff seeks monetary damages and a prison transfer (Doc. 1, p. 7).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

---

[1] The case caption in CM/ECF lists "Scanning Pinckneyville" as a defendant in this action. No such defendant has been named, and the Clerk will be directed to terminate "Scanning Pinckneyville" as a party to this action.

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As discussed in more detail below, the Court finds that the complaint survives threshold review under Section 1915A.

## The Complaint

According to the complaint, Plaintiff felt a bump next to his left ear on March 29, 2014 (Doc. 1, p. 6). He noticed an increase in its size beginning in July. The steady increase in size of the bump coincided with headaches and pain on the left side of his face. Plaintiff submitted

multiple written requests for an appointment with medical staff. In each, Plaintiff described migraines and left facial numbness.

Nurse Doe eventually examined the bump next to Plaintiff's ear and opined that it was a cyst. She referred Plaintiff to Dr. Coe, who also initially diagnosed the bump as a pea-sized cyst. Dr. Coe recommended that Plaintiff apply hot water to the area to reduce swelling. When Plaintiff explained that constant pain, migraines, and numbness prevented him from sleeping, Dr. Coe provided him with no pain relievers, such as Ibuprofen (Doc. 1, p. 8).

Plaintiff returned to Nurse Doe with "pounding" head pain a couple weeks later. By this time, the cyst had doubled in size. Nurse Doe again referred Plaintiff to Dr. Coe for an appointment. At this second appointment, Dr. Coe changed his diagnosis. Instead of a cyst, Dr. Coe opined that the swelling was occurring in a lymph node and could be a sign of cancer. Allegedly unable to decide what next steps to take in the diagnosis and treatment process, however, Dr. Coe took no action at all.

Plaintiff submitted four subsequent requests for an x-ray. He met with Nurse Doe again. He even had his family contact the prison. Meanwhile, the bump continued to grow. When Plaintiff finally met with Dr. Coe again around September 30th, Dr. Coe gave him pain pills for the first time, all the while agreeing that the bump might be indicative of cancer. The complaint does not allege whether any further treatment was provided.

Plaintiff now sues Dr. Coe, Nurse Doe, and Warden Duncan for violating his Eighth Amendment right to receive medical care (Doc. 1, p. 8). He seeks monetary damages and a prison transfer (Doc. 1, p. 7).

## Discussion

### Count 1 – Medical Needs Claim

Plaintiff shall be allowed to proceed with his Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Dr. Coe and Nurse Doe. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint suggests that Plaintiff's medical condition was objectively serious. What was originally diagnosed as a cyst was ultimately suspected to be swelling in a lymph node that is possibly associated with cancer. The size of the affected area increased steadily over the course of several months. This coincided with increased swelling, pain, and numbness. A condition that results in further significant injury or unnecessary and wanton infliction of pain if left untreated can be serious, even if it is not life threatening. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The allegations suggest that Plaintiff's condition was objectively serious under this standard.

The complaint also suggests that Dr. Coe and Nurse Doe responded to Plaintiff's complaints with deliberate indifference. According to the allegations, neither defendant treated Plaintiff for pain until approximately two months after he began complaining about it. *See Brown v. Darnold*, 505 Fed. Appx. 584, *3 (7th Cir. 2013) ("A deliberate refusal to treat

treatable pain can rise to the level of an Eighth Amendment violation."). By this time, Dr. Coe allegedly admitted that Plaintiff's pain may be a symptom of a much larger problem, but he failed to order any testing, despite Plaintiff's repeated request for it. Whether Nurse Doe justifiably deferred to the judgment of Dr. Coe, in the alleged absence of treatment, is subject to further review. While the Court offers no opinion regarding the ultimate merits of this claim, **Count 1** shall be allowed to proceed against Dr. Coe and Nurse Doe at this time.

### Count 1 - Dismissal of Warden Duncan

Count 1 fails against Warden Duncan. He is named in the case caption and the corresponding list of defendants. But there is no mention of Warden Duncan in the statement of Plaintiff's claim. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982).

Furthermore, Warden Duncan cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison. "The doctrine of *respondeat superior* does not apply to [Section] 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987).

Under some circumstances, it is appropriate to proceed against a high-ranking official, such as Warden Duncan, in his official capacity. However, this is generally done when a plaintiff seeks injunctive relief. Here, Plaintiff seeks no injunctive relief. And although he initially sought a prison transfer, which might be interpreted as a request for injunctive relief,

Plaintiff's request quickly became moot when he transferred from Lawrence to Pinckneyville soon after filing this action.

Because the complaint states no claim against Warden Duncan, in either his individual or his official capacity, **Count 1** against Warden Duncan shall be dismissed.

### Identification of "Nurse Doe"

Plaintiff shall be allowed to proceed with Count 1 against the unknown nurse, who is referred to throughout this Order as "Nurse Doe." However, this party must be identified with particularity before service of the complaint can be made on her. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying this party will be set by the United States Magistrate Judge. Once identified, Plaintiff must amend his complaint to include all references to this defendant.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 2), which shall be referred to **United States Magistrate Judge Donald G. Wilkerson** for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 3), which is hereby **GRANTED in part,** as to Dr. Coe and Nurse Doe (once identified), and **DENIED in part,** as to Warden Duncan.

Finally, Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 7), which shall be addressed in a separate Order of this Court.

**Disposition**

The Clerk is **DIRECTED** to **TERMINATE** Defendant "Scanning Pinckneyville" as a party to this action.

**IT IS HEREBY ORDERED** that **WARDEN DUNCAN** is DISMISSED without prejudice from this action, based on the failure to state a claim against him upon which relief can be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendant **DR. COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on

which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on Defendant "Nurse Doe" until such time as Plaintiff has identified this defendant by name in a properly filed amended complaint, which includes identifying this defendant in the caption and inserting the individual's name, where applicable, throughout the amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 2) and expedited discovery aimed at identifying Nurse Doe with specificity.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 26, 2014

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**