IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARCO POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1094-NJR-DGW |
| | ) |
| JOHN COE and UNKNOWN NURSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 46), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed on July 22, 2015, by Defendant John Coe (Doc. 33). Plaintiff filed a timely objection to the Report and Recommendation (Doc. 49). The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Report and Recommendation.

### BACKGROUND

Plaintiff Demarco Poole is an inmate in the custody of the Illinois Department of Corrections at the Sangamon County Jail. He filed this lawsuit on October 9, 2014, regarding events that occurred while he was housed at Lawrence Correctional Center. Plaintiff alleges that he noticed a cyst on the side of his face on March 29, 2014. By July, the cyst began growing and causing headaches and pain on the left side of his face. He was examined by an unknown nurse, who referred him to Defendant John Coe, a physician at Lawrence. Dr. Coe

told Plaintiff to use hot water compresses on the cyst; he did not prescribe any medication for pain. Plaintiff returned for care a few weeks later because the cyst had doubled in size and his symptoms had worsened. Dr. Coe informed Plaintiff that the cyst may be a sign of cancer but otherwise took no action to treat the condition. Plaintiff was examined again by Dr. Coe again in September 2014. Dr. Coe prescribed pain medication but took no other action.

Dr. Coe moved for summary judgment on July 22, 2015, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 33). Plaintiff filed his response in opposition to the motion for summary judgment on August 3, 2015 (Doc. 38). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on September 17, 2015 (Doc. 50). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 46). As noted above, Plaintiff filed a timely objection to the Report and Recommendation (Doc. 77).

## THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson found that after Plaintiff discovered the cyst on his face in March 2014, Plaintiff submitted eight grievances. Only one of those grievances was related to the medical issue that is the subject of this lawsuit. It was filed as an emergency grievance and dated October 2, 2014 (Doc. 34-1, pp. 32–33). The grievance did not contain a response from a counselor or the Warden (*see id.*). The ARB received the grievance on December 1, 2014 (*Id.* at p. 31). The ARB indicated that it would not address the grievance because it had been submitted more than sixty days after the incident (*Id.*).

Plaintiff also testified at the *Pavey* hearing that he submitted two grievances in June 2014, related to the medical issue at hand (Doc. 46, p. 4). Specifically, he testified that he began seeking medical care for the cyst in March 2014, by sending requests to the Healthcare Unit (*Id.*). When those went unanswered, he asked for grievance forms from Lieutenant Dallas and an unknown wing officer (*Id.*). He then filed two grievances in June 2014, by giving them to an unknown officer who picked up mail in segregation (*Id.*). When those two grievances went unanswered, Plaintiff mailed the October 2, 2014, grievance directly to the ARB (*Id.*). Plaintiff did not follow up on the June 2014 grievances because he was being moved around a lot and because there was "a lot going on" at the time (*Id.*).

Magistrate Judge Wilkerson concluded that the October 2, 2014, grievance was not sufficient for Plaintiff to exhaust his administrative remedies (Doc. 46, p. 8). This grievance was filed only seven days before Plaintiff filed this lawsuit (*Id.*). He submitted it directly to the ARB even though he did not meet any of criteria for doing so (*Id.*). *See* ILL. ADMIN. CODE TIT. 20, § 504.870. Instead, his emergency grievance should have been submitted to the Warden of Lawrence. *Id.* at § 504.840.

Magistrate Judge Wilkerson also made a finding that Plaintiff was not credible in his assertions that he submitted two grievances in June 2014 and that he was denied grievance forms (Doc. 46, p. 4). In support of this finding, Magistrate Judge Wilkerson noted that Plaintiff had filed numerous grievances during the relevant time period, which demonstrates he had access to the grievance process (*Id.*). Additionally, none of Plaintiffs grievances, including the October 2nd grievance, mentions any unanswered grievances (*Id.*). Plaintiff also did not mention the June 2014 grievances in his response to the Motion for Summary Judgment (*Id.*).

Consequently, Magistrate Judge Wilkerson recommended granting Dr. Coe's motion for summary judgment and dismissing Plaintiff's claims against him without prejudice (Doc. 46, p. 8). Magistrate Judge Wilkerson also recommended granting summary judgment under Rule 56(f) against the only other Defendant, Unknown Nurse, even though she did not move for summary judgment (*Id.*). Magistrate Judge Wilkerson reasoned that Plaintiff submitted only one grievance related to the allegations in his complaint—the October 2nd grievance—and if it was insufficient to exhaust his administrative remedies against Dr. Coe, it was also insufficient with respect to the Unknown Nurse (*Id.*).

## DISCUSSION

Where timely objections are filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). For the issues to which no objections have been made, the Court will review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

Plaintiff essentially makes four objections. First, he claims that he submitted an

emergency grievance on March 29, 2014, the day he discovered the cyst (Doc. 49). As far as the Court can tell, this is the first time Plaintiff has ever mentioned this alleged grievance. Plaintiff does not, however, offer any evidence of the grievance or provide any specifics about it, such as when it was picked up and by whom, what it said, whether he received a response, etc. Without something more, it appears that Plaintiff's argument is based on a last-ditch effort to save his claim rather than events that actually transpired. The Court cannot simply accept Plaintiff's vague assertion that a grievance was filed.

Second, Plaintiff speculates that there are notes in his medical records about his requests for treatment for the cyst (Doc. 49). Even if that is true, nothing in the administrative rules even remotely suggests that a request for treatment is sufficient to exhaust administrative remedies. *See* ILL. ADMIN. CODE. TIT. 20 §§ 504.810, 504.850 (describing procedures for filing grievances); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")

Third, Plaintiff objects to Magistrate Judge Wilkerson's credibility finding (Doc. 46, p. 2). Plaintiff does not, however, provide any explanation as to why he believes Magistrate Judge Wilkerson's finding was wrong. Upon reviewing Magistrate Judge Wilkerson's explanation for his credibility finding, the Court concludes that his finding was sound. The credibility finding will not be disturbed based solely on Plaintiff's unadorned assertion that the undersigned should find his testimony regarding the June 2014 grievances credible.

Finally, Plaintiff believes that the October 2nd grievance was sufficient to exhaust his administrative remedies (*see* Doc. 46, p. 3). Again, he does not explain why Magistrate Judge Wilkerson's conclusion to the contrary was wrong. And after reviewing the record, the

Court is persuaded that Magistrate Judge Wilkerson's conclusion was correct. Plaintiff had no reason to file his grievance directly with the ARB. *See* ILL. ADMIN. CODE TIT. 20 § 504.870. But even if he did, he gave the ARB only seven days to respond before filing suit. That is simply not enough time. Because Plaintiff did not allow the ARB ample time to respond, he did not complete the grievance procedure and did not exhaust his administrative remedies. *Jackson v. Shepherd*, 552 Fed.Appx. 591, 592 (7th Cir. 2014); *Ford v. Johnson,* 362 F.3d 395, 400 (7th Cir. 2004).

For these reasons, Plaintiff's objections to the Report and Recommendation are not persuasive, and his claims against Defendant John Coe will be dismissed without prejudice for failure to exhaust administrative remedies.

As for the only remaining Defendant, Unknown Nurse, Plaintiff's claims against her also will be dismissed without prejudice. Unknown Nurse did not move for summary judgment. In fact, she has not even been identified or served with process in this matter. But under Rule 56(f) of the Federal Rules of Civil Procedure, the Court can grant summary judgment for a nonmovant after giving the plaintiff notice and a reasonable time to respond. The Report and Recommendation provided notice to Plaintiff and an opportunity to respond to Magistrate Judge Wilkerson's conclusion that he failed to exhaust with respect to Unknown Nurse. Plaintiff did not do so (*see* Doc. 49). The Court finds that the facts of this case and Dr. Coe's arguments apply with equal force to Unknown Nurse. Having found that Plaintiff failed to exhaust with respect to Dr. Coe, the Court likewise finds that Plaintiff also failed to exhaust with respect to Unknown Nurse.

## CONCLUSION

For these reasons, Plaintiff's objections to the Report and Recommendation (Doc. 49)

are **OVERRULED.** The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 46) and **GRANTS** Defendant John Coe's Motion for Summary Judgment on the issue of exhaustion (Doc. 33). This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

  **IT IS SO ORDERED.**

  **DATED:** November 4, 2015

                s/ Nancy J. Rosenstengel
                **NANCY J. ROSENSTENGEL**
                **United States District Judge**